## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PFIZER, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | C.A. No. 1:18-cv-00251-GMS |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| THE NORTH RIVER INSURANCE | ) | |
| COMPANY, and RSUI INDEMNITY | ) | |
| COMPANY, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## DEFENDANT THE NORTH RIVER INSURANCE COMPANY'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND OR, IN THE ALTERNATIVE, TO ENJOIN NORTH RIVER'S PROSECUTION OF ITS NEW YORK ACTION

Of Counsel:
TRAUB LIEBERMAN
STRAUS & SHREWSBERRY LLP
Copernicus T. Gaza
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, NY 10532
(914) 347-2600 (telephone)
(914) 347-8898 (facsimile)
cgaza@tlsslaw.com

Dated:  April 27, 2018

DILWORTH PAXSON LLP
Thaddeus J. Weaver (Id. No. 2790)
One Customs House
704 King Street, Suite 500
P.O. Box 1031
Wilmington, DE  19899
(302) 571-8867 (telephone)
(302) 655-1480 (facsimile)
tweaver@dilworthlaw.com

*Attorneys for Defendant*
*The North River Insurance Company*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

   I.    NATURE AND STAGE OF PROCEEDINGS ............................................................. 1

   II.   SUMMARY OF THE ARGUMENT ............................................................................ 1

   III.  STATEMENT OF FACTS ............................................................................................ 2

   IV.  LEGAL ARGUMENT ................................................................................................... 3

      a.   Pfizer's Legal Claims Mandate that this Court Retain Jurisdiction Under Rarick .......... 3

      b.   Abstention is Improper Under *Reifer* ....................................................................... 6

          1.   The Disputed *Reifer* Factors Favor Jurisdiction ............................................. 7

          2.   The Non-*Reifer* Factors Favor Jurisdiction ................................................... 9

      c.   No Injunction Should Issue Because the First-Filed Rule Does Not Apply .................. 13

          1.   Pfizer Violated the Standstill Period in a Premature Race to the Courthouse........... 13

          2.   Pfizer's State Court Action is an Anticipatory Suit Entitled to No Deference.......... 14

          3.   The Balance of Conveniences Favors Retaining Jurisdiction .................................... 19

   V.    CONCLUSION ............................................................................................................. 20

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Affymetrix, Inc. v. Synteni, Inc.*,
   28 F. Supp. 2d 192 (D. Del. 1998) ...................................................................... 20

*American Int'l Spec. Lines Ins. Co. v. Towers Fin. Corp.*,
   No. 94-cv-2727, 1997 WL 906427 (S.D.N.Y. Sept. 12, 1997)............................... 17

*Arch Insurance Co. v. Murdock*,
No. N16C-01-104, 2018 WL 1129110 (Del. Super. Ct. Mar. 1, 2018) ..................................... 10

*AT&T v. Clarendon Am. Ins. Co.*,
   No. 04C-11-167, 2008 WL 2583007 (June 25, 2008)............................................. 10

*Atlantic Mutual Insurance Co. v. Gula*,
   84 Fed. App'x 173 (3d Cir. 2003) ......................................................................... 12

*Catlin Spec. Ins. Co. v. CBL & Assocs. Props., Inc.*,
   No. N16C-07-166 2017 WL 4784432 (Del. Super. Ct. Oct. 17, 2017) ................... 10

*Central Transport, LLC v. Mainfreight, Inc.*,
   No. 14-cv-6083,  2015 WL 620716 (E.D. Pa. Feb. 11, 2015) ................................. 19

*Certain Underwriters at Lloyd's, London v. Foster Wheeler Corp.*,
   822 N.Y.S.2d 30 (Sup. Ct. App. Div. 2006), *aff'd*, 876 N.E.2d 500 (N.Y. 2007) .................. 17

*Certain Underwriters at Lloyds v. Chemtura Corp.*,
   160 A.3d 457 (Del. 2017)................................................................................. 9, 10

*Chapman v. Lexington Insurance Co.*,
   No. 16-cv-0455, 2016 WL 6885901 (W.D. Pa. June 17, 2016)............................... 12

*Colony Nat'l Ins. Co. v. UHS Children Servs.*,
   No. 15-cv-6394, 2009 WL 3007334 (E.D. Pa. Sept. 11, 2009) ............................... 16

*Colorado River Water Conservation District v. United States*,
   424 U.S. 800 (1976) ................................................................................... 2, 3, 5

*Conroy v. Travelers Home & Mar. Ins. Co.*,
   No. 15-cv-0743, 2015 WL 4633772 (W.D. Pa. Aug. 3, 2015) ............................... 13

*Continental Cas. Co. v. Westfield Ins. Co.*,
   No. 16-cv-5299, 2017 WL 1477136 (D.N.J. Apr. 24, 2017) ................................. 4, 5

*Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*,
   130 F.2d 474 (3d Cir. 1942) ................................................................ 14, 15

*Dippold-Harmon Enters., Inc. v. Lowe's Cos., Inc.*,
   No. 01-cv-0532, 2001 WL 1414868 (D. Del. Nov. 13, 2001) ................................ 20

*Dixon v. Progressive Northern Insurance Co.*,
   No. 08-cv-1010, 2008 WL 4072816 (W.D. Pa. Aug. 27, 2008) ........................... 12

*Drugstore-Direct, Inc. v. Cartier Div. of Richemont N. Am., Inc.*,
   350 F. Supp. 2d 620 (E.D. Pa. 2004) .................................................... 16, 19

*EEOC v. University of Pennsylvania*,
   850 F.2d 969 (3d Cir. 1988) ............................................................. 2, 14, 15

*Encompass Insurance Co. v. Connelly*,
   2015 U.S. Dist. LEXIS 74993 (W.D. Pa. June 10, 2015) ..................................... 12

*Federal Ins. Co. v. SafeNet, Inc.*,
   817 F. Supp. 2d 290 (S.D.N.Y. 2011) .................................................... 17, 18

*Foremost Ins. Co. v. Nosam, LLC*,
   No. 17-cv-2843,  2018 WL 417035 (E.D. Pa. Jan. 12, 2018) .............................. 12

*Forest Labs. v. Arch Ins. Co.*,
   953 N.Y.S.2d 460 (Sup. Ct. N.Y. Co. 2012), *lv. denied*, 995 N.Y.S.2d 709 (Ct.
   App. 2014) .................................................................................... 18

*Forest Labs., Inc. v. Arch Insurance Co.*,
   984 N.Y.S.2d 361 (Sup. Ct. App. Div. 2014) ............................................. 18

*Genentech, Inc. v. Eli Lily & Co.*,
   998 F.2d 931 (Fed. Cir. 1993) ............................................................. 15

*Grand Light & Supply Co. v. Honeywell, Inc.*,
   771 F.2d 672 (2d Cir. 1985) ............................................................... 18

*Griggs Rd., L.P. v. Selective Way Ins. Co.*,
   No. 17-cv-0214, 2017 WL 2645542 (M.D. Pa. June 19, 2017) ............................... 4

*Honeywell Int'l, Inc. v. International Union, United Auto., Aerospace & Agrig.
Implement Workers*,
   502 Fed. Appx. 201 (3d Cir. 2012) .................................................... 16, 19

*IMS Health, Inc. v. Vality Tech., Inc.*,
   59 F. Supp. 2d 454 (E.D. Pa. 1999) ...................................................... 16

*Kelly v. Maxum Spec. Ins. Co.*,
   868 F.3d 274 (3d Cir. 2017) ........................................................................... 8, 12

*Liggett Group, Inc. v. Affiliated FM Ins. Co.*,
   788 A.2d 134 (Del. Super. Ct. 2001) ..................................................................... 10

*Markel Insurance Co. v. Connolly, Connolly & Heun, LLP*,
   No. 17-cv-1885, 2017 WL 4618750 (D.N.J. Oct. 16, 2017) .................................... 4, 5

*Maryland Cas. Co. v. Continental Cas. Co.*,
   332 F.3d 145 (2d Cir. 2003) ................................................................................. 17

*Mills, L.P. v. Liberty Mutual Insurance Co.*,
   No. 09C-11-174, 2010 WL 8250837 (Del. Super. Ct. Nov. 5, 2010) ....................... 10

*Nationwide Prop. & Cas. Ins. Co. v. Zatyko*,
   No. 16-cv-1010, 2016 WL 6804436 (E.D. Pa. Nov. 16, 2016) ............................... 13

*Nexans Inc. v. Belden Inc.*,
   966 F. Supp. 2d 396 (D. Del. 2013) ...................................................................... 15

*Nomura Holding America, Inc. v. Federal Ins. Co.*,
   629 Fed. Appx. 38 (2d Cir. 2015) ......................................................................... 19

*Osenbach v. Allstate Fire & Casualty Insurance Co.*,
   135 F. Supp. 3d 315 (E.D. Pa. 2015) ............................................................... 11, 12

*Pahuta v. Massey-Ferguson, Inc.*,
   170 F.3d 125 (2d Cir. 1999) ................................................................................. 18

*Perkins v. City of New Rochelle*,
   No. 00-cv-0725, 2002 WL 31496204, *1 (S.D.N.Y. Nov. 7, 2002) ......................... 18

*Rarick v. Federated Service Insurance Co.*,
   852 F.3d 223 (3d Cir. 2017) ................................................................. 1, 2, 3, 4, 5, 6, 7

*Reifer v. Westport Insurance Corp.*,
   751 F.3d 129 (3d Cir. 2014) ........................................... 2, 6, 7, 8, 9, 10, 11, 12, 13

*Schodle v. State Farm Mut. Auto. Ins. Co.*,
   No. 17-cv-0407, 2017 WL 1177133 (E.D. Pa. March 30, 2017) ............................ 4, 5

*Schwartz v. Liberty Mut. Ins. Co.*,
   539 F.3d 135 (2d Cir. 2008) ................................................................................. 17

iv

*Scottsdale Ins. Co. v. RSE Inc.*,
   303 F.R.D. 234 (E.D. Pa. 2014) ............................................................ 12

*Seidel v. Houston Cas. Co.*,
   375 F. Supp. 2d 211, 220 (S.D.N.Y. 2005) ........................................... 17

*Signature Bldg. Sys., Inc. v. Spears Mfg. Co.*,
   No. 17-cv-1795, 2018 WL 1123724 (M.D. Pa. Feb. 26, 2018) ............. 12

*State Auto Ins. Cos. v. Summy*,
   234 F.3d 131 (3d Cir. 2000) .................................................................. 12

*State Nat'l Ins. Co. v. Landis*,
   No. 14-cv-0607, 2015 WL 291722 *5 (E.D. Pa. Jan. 15, 2015) .............. 7

*Tompkins Insurance Agencies, Inc. v. Sumner*,
   No. 16-cv- 2217, 2016 WL 3345453 (E.D. Pa. June 15, 2016) ............... 4

*Transportation Ins. Co. v. Heathland Hospitality Grp., LLC*,
   No. 15-cv-4525, 2015 WL 8055512 (E.D. Pa. Dec. 3, 2015) ............. 9, 13

*Triangle Conduit & Cable Co. v. National Electric Products Corp.*,
   125 F.2d 1008 (3d Cir. 1942) ................................................................ 14

*Tube City IMS Corp. v. Allianz Global Risks U.S. Ins. Co.*,
   No. 14-cv-1245, 2014 WL 6682577 (W.D. Pa. Nov. 25, 2014) ............. 13

*United States v. Criden*,
   648 F.2d 814 (3d Cir. 1981) .................................................................. 15

*Western World Ins. Co. v. Alarcon & Marrone Dem. Co.*,
   No. 14-cv-6617,  2015 WL 3622896 (E.D. Pa. June 9, 2015); .............. 12

*Westfield Ins. Co. v. Icon Legacy Custom Mod. Homes & Icon Legacy*,
   No. 15-cv-0539, 2015 WL 4602262 (M.D. Pa. July 30, 2015)............... 12

*Wilton v. Seven Falls Co.*,
   515 U.S. 277 (1995) ................................................................................ 6

**Statutes**

28 U.S.C. §1404(a) ................................................................... 2, 8, 9, 20

## PRELIMINARY STATEMENT

Defendant The North River Insurance Company ("North River") respectfully submits this memorandum of law in opposition to plaintiff Pfizer Inc.'s ("Pfizer") motion to remand to the Delaware Superior Court or, in the alternative, to enjoin prosecution of litigation commenced by North River in the United States District Court for the Southern District of New York under Docket No. 18-cv-0878 involving the same issues and parties (the "New York Coverage Action"). For the reasons set forth below, North River respectfully urges the Court to deny Pfizer's motion in its entirety, retain jurisdiction and order the case transferred to the Southern District of New York in accordance with North River's contemporaneous motion to transfer venue. D.I. 14.

## I.      NATURE AND STAGE OF PROCEEDINGS

North River respectfully incorporates by reference herein Point III of its memorandum of law in support of North River's motion to transfer venue to the United States District Court for the Southern District of New York filed on March 30, 2018, D.I. 15, except North River wishes to respectfully advise the Court that on March 30, 2018, Pfizer filed a motion to dismiss or stay the proceedings in the New York Coverage Action and to dismiss North River's breach of contract claim asserted therein. North River's response to such motion in the New York Coverage Action will be filed on April 27, 2018, with Pfizer's reply due on May 11, 2018, per the parties' stipulated briefing schedule in that case.

## II.     SUMMARY OF THE ARGUMENT

Remand is not available to this Court under *Rarick v. Federated Service Insurance Co.*, 852 F.3d 223 (3d Cir. 2017), because Pfizer has asserted "independent" legal claims for breach

of contract, which trigger the Court's "virtually unflagging obligation" to retain jurisdiction under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818, (1976).

But even if *Rarick* did not apply, the Third Circuit's decision in *Reifer v. Westport Insurance Corp.*, 751 F.3d 129 (3d Cir. 2014), mandates that this Court retain jurisdiction because there is no parallel state court proceeding pending and Pfizer cannot overcome the resulting and considerable presumption against remand, as the issues before this Court do not involve novel or unique questions of law or implicate public policy in any way.

Finally, the litigation commenced by Pfizer herein constitutes an anticipatory lawsuit instituted in a blatant effort to evade the application of controlling New York law on two of North River's most prominent defenses to coverage. The Third Circuit condemned such gamesmanship in *EEOC v. University of Pennsylvania*, 850 F.2d 969 (3d Cir. 1988). Thus, the "first-filed" rule does not apply, and no injunction should issue against North River.

In sum, New York is the natural and most appropriate forum for this action because 1) Pfizer is headquartered in New York, 2) Pfizer obtained its insurance in New York through a New York broker, 3) New York law applies to the coverage issues, and 4) the lawsuit for which Pfizer seeks coverage was commenced, litigated and settled in New York. Accordingly, this Court should retain jurisdiction and transfer the case to the United States District Court for the Southern District of New York in accordance with North River's concurrent motion pursuant to 28 U.S.C. §1404(a).

## III.   STATEMENT OF FACTS

North River respectfully incorporates by reference herein Point III of its memorandum of law in support of its motion to transfer venue to the United States District Court for the Southern District of New York filed on March 30, 2018. D.I. 15.

## IV.   LEGAL ARGUMENT

### a.   Pfizer's Legal Claims Mandate that this Court Retain Jurisdiction Under *Rarick*

Relying upon the Third Circuit's decision in *Rarick v. Federated Service Insurance Co.*, 852 F.3d 223 (3d Cir. 2017), Pfizer argues that the Supreme Court's mandate in *Colorado River* that a district court retain jurisdiction over legal claims does not exist in this case because Pfizer's multiple and central contract claims are not "independent" such that this Court may remand them along with Pfizer's tagalong claim for declaratory judgment.  This is entirely false under *Rarick*.

The Third Circuit held in *Rarick* that, where claims for declaratory judgment are asserted, concurrent legal claims that are "independent" serve to trigger a district court's "virtually unflagging obligation" to retain jurisdiction under *Colorado River*.  *See Rarick*, 852 F.3d at 229.  Pfizer necessarily recognizes that legal claims are "independent" under *Rarick*  "when they are alone sufficient to invoke the court's subject matter jurisdiction and can be adjudicated without the requested declaratory relief."  *Rarick*, 852 F.3d at 228; Pfizer Brief at 6, D.I. 12.  Such is precisely the instance in the within litigation as Pfizer seeks $10 million in breach of contract damages for North River's refusal to pay the limit of the North River policy, which claims Pfizer can readily maintain in the absence of the declaratory judgment claim.  In other words, the legal claims stand on their own and confer federal jurisdiction independently, which satisfies the test. *Rarick* is directly on point as it reversed the district court's determinations to abstain and to remand based upon the now-disapproved "heart of the matter" test in erroneously finding that the breach of contract claims did not warrant federal jurisdiction.  *Rarick*, 852 F.3d at 230.

Following *Rarick*, the Third Circuit courts retain diversity jurisdiction, by rote, where, as here, a policyholder contemporaneously sues for breach of contract and declaratory judgment

under an existing insurance policy.  *See, e.g.*, *Griggs Rd., L.P. v. Selective Way Ins. Co.*, No. 17-cv-0214, 2017 WL 2645542 (M.D. Pa. June 19, 2017) (retaining jurisdiction in "mixed claim," holding that "because Plaintiffs are undoubtedly seeking monetary relief they aver is owed under the policy, a resolution of the instant controversy can be fully accomplished through the adjudication of the breach of contract claim"); *Continental Cas. Co. v. Westfield Ins. Co.*, No. 16-cv-5299, 2017 WL 1477136 (D.N.J. Apr. 24, 2017); *Schodle v. State Farm Mut. Auto. Ins. Co.*, No. 17-cv-0407, 2017 WL 1177133 (E.D. Pa. March 30, 2017) (retaining jurisdiction after removal based upon independent breach of contract claim, noting that such claim "is the essence of this lawsuit" and further observing that "the insured surely wants monetary relief, not simply a declaration of his rights" and musing that "[i]t is puzzling that [plaintiff] has brought this extraneous [declaratory judgment] claim which really adds nothing to his case").[1]

Pfizer's reliance upon *Markel Insurance Co. v. Connolly, Connolly & Heun, LLP*, No. 17-cv-1885, 2017 WL 4618750 (D.N.J. Oct. 16, 2017) is entirely misplaced.  The *Markel* court found that the insurer-plaintiff's claims for fraud were "alone sufficient to invoke this Court's diversity jurisdiction," yet nonetheless proceeded to remand because the claims for fraud were "substantively intertwined" with the claims for declaratory relief, *Markel*, 2017 WL 4618750 at *3, as Pfizer argues in the case before this Court.  *See* Pfizer Brief at 9-10, D.I. 12.

But, in all certainty, this is not the test under *Rarick*.[2]  Instead, claims are independent of each other if "1) the district court would still have jurisdiction over the plaintiffs' claims that

---

[1] Pfizer relies upon the pre-*Rarick* case of *Tompkins Insurance Agencies, Inc. v. Sumner*, No. 16-cv- 2217, 2016 WL 3345453 (E.D. Pa. June 15, 2016).  *Tompkins* is not applicable because it relied, in significant part, upon the "heart of the matter" test that was specifically rejected in *Rarick*.  *See Rarick*, 852 F.3d at 225; *Tompkins*, 2016 WL 3345453 at *7.

[2] In any event, *Markel* is distinguishable because the insurer's declaratory claim was for rescission of the policy, without which contract there could be no claim for fraud in the first

4

seek monetary relief *if the declaratory claim were dropped from the case* and 2) the requested declaratory relief is not a prerequisite to resolution of the monetary claims." *Continental v. Westfield*,  2017 WL 1477136 at *6 (citation omitted) (emphasis added) (exercising jurisdiction over insurance policy breach of contract claims despite companion declaratory judgment claim under same policy as the contract claims were "substantively independent because they can be adjudicated without adjudicating the requested declaratory relief").

Given that Pfizer's central and independent legal claims stand on their own in that they can be pursued without the declaratory relief unnecessarily requested by Pfizer,[3] the *Colorado River* test applies as in the cases cited above, irrespective of whether the contract claims and the declaratory claims "rise and fall" together, Pfizer Brief at 9, D.I. 12, or are "substantively intertwined." *Id.* at 10.  *See Rarick*, 852 F.3d at 229 ("If the legal claims are independent, the court has a 'virtually unflagging obligation' to hear those claims, subject of course to *Colorado River*'s exceptional circumstances.").  Pfizer cannot show (nor does it even attempt to do so) that the "exceptional circumstances" under that test exist.  *See Schodle*,  2017 WL 1177133 at *3 (applying *Colorado River* test in finding that "exceptional circumstances" did not exist where, as here, 1) there was no concurrent state proceeding, 2) the federal forum did not unduly inconvenience the parties when compared to the state forum and 3) the litigation would not proceed in piecemeal fashion).  This Court must exercise jurisdiction accordingly.

---

instance. *See Markel*, 2017 WL 4618750 at *3 (finding that "the viability of the fraud claims rests upon the claims for declaratory relief").

[3] It is worth noting that, in the New York Coverage Action, Pfizer argued that its breach of contract claims in this Court served as independent claims sufficient to render Pfizer the "true plaintiff" in this "coercive" action.

**b.     Abstention is Improper Under *Reifer***

Even if it was not the case that Pfizer's legal claims, by themselves, mandate retaining jurisdiction, this Court must not remand the case because Pfizer cannot rebut the strong presumption in favor of jurisdiction under *Reifer v. Westport Ins. Corp.*, 751 F.3d 129 (3d Cir. 2014), which presumption exists by virtue of the fact that there are no parallel state court proceedings pending.

Pfizer argues that this Court should order remand because 1) the coverage issues involve solely state law, Pfizer Brief at 12, D.I. 12, 2) Delaware law likely will apply to the coverage issues, *id.* at 12, 3) North River has engaged in "procedural fencing" by removing the case and seeking transfer to New York, *id.* at 13 and 4) Pfizer, as the "natural plaintiff" is entitled to its chosen forum. *Id.* at 14. None of these favors remand under the circumstances of this case. This is because 1) there are no parallel state-court proceedings and 2) the issues before this Court are insufficiently novel, insufficiently unique and insufficiently policy-laden to outweigh the strong presumption that the Court retain jurisdiction under such circumstances. *See Reifer*, 751 F.3d at 144-45.

The absence of pending parallel state proceedings is a factor of "increased emphasis" in the Third Circuit, *Reifer*, 751 F.3d 144 (collecting cases), which decision addressed "the 'outer boundary' of a district court's discretion under the [Declaratory Judgment Act], specifically whether a district court may decline jurisdiction over a declaratory judgment action when 'there are no parallel state proceedings,'" *Reifer*, 751 F.3d at 137 (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 290 (1995)), such as in the case at bar. Thus, *Reifer* was quick to admonish that "the absence of pending parallel state proceedings *militates significantly* in favor or exercising jurisdiction," *id.* at 144 (emphasis added), such that "district courts declining jurisdiction should

be *rigorous* in ensuring themselves that the lack of pending parallel state proceedings is outweighed by opposing factors." *Id.* (emphasis added).[4]

Tellingly, Pfizer does not even set forth the appropriate test, or the required presumption for that matter, glossing over *Reifer* on the critical issue of parallel state proceedings.  This is because Pfizer knows that it cannot rebut the presumption in favor of retaining jurisdiction. More importantly, it is fatal to Pfizer that it characterizes all of the *Reifer* factors as either "neutral" or "not implicated," Pfizer Brief at 11 n.3, D.I. 12, with the limited exceptions of 1) convenience of the parties, 2) public interest and 3) procedural fencing, all of which Pfizer erroneously contends support remand.

In reality, however, these three factors either favor this Court's jurisdiction or are neutral. Given Pfizer's admissions, and completely failing to address the *Reifer* presumption, Pfizer cannot even begin to satisfy its burden of demonstrating that a "rigorous" scrutiny of the *Reifer* factors serves to overcome the "significant" presumption in favor of retaining jurisdiction "in a record sufficient to enable . . . abuse of discretion review." *Reifer*, 751 F.3d at 147.

## 1.    The Disputed *Reifer* Factors Favor Jurisdiction

Pfizer cannot seriously contend that the second *Reifer* factor – convenience of the parties – favors Delaware state court, particularly in the context of North River's motion to transfer

---

[4] Under *Reifer*, "[t]he first part of the analysis takes the form of a rebuttable presumption scheme, with the presence or absence of parallel state proceedings serving as the fulcrum." *State Nat'l Ins. Co. v. Landis*, No. 14-cv-0607, 2015 WL 291722 *5(E.D. Pa. Jan. 15, 2015) (citations omitted).  The lack of parallel proceedings at the state level yields the "significant" presumption in favor of retaining jurisdiction in the case at bar.  *See Rarick*, 852 F.3d at 226 (observing that "the absence of a pending state case [in *Reifer*] created a rebuttable presumption in favor of jurisdiction").  "The second part of the *Reifer* analysis, in turn, is devoted to guiding a court's discretion in determining whether to override the applicable presumption." *Landis*, 2015 WL 291722 at *5 (citing *Reifer* 751 F.3d at 145-47).  The factors consist of the eight set forth by the Third Circuit and recited by Pfizer in its brief.  *See Reifer*, 751 F.3d at 146; Pfizer Brief at 10, D.I. 12.

venue to New York.  As set forth at length in North River's moving brief under 28 U.S.C.

§1404(a), 1) Pfizer's principal place of business is in New York, 2) North River is located in

neighboring New Jersey, 3) Marsh, the broker that negotiated the policies on Pfizer's behalf, is in

New York and 4) the Underlying Action was litigated and resolved in New York.  Quite simply,

Delaware state court is as inconvenient to the parties as is this Court.

      Pfizer also contends that *Reifer* factor three – public interest in the dispute – "does not

support retaining jurisdiction because there is no 'public interest' in this particular insurance

coverage dispute."  Pfizer Brief at 11 n.3, D.I. 12.  But this is precisely opposite to the Third

Circuit's teaching in *Reifer*, as that court specifically found that considerations of Pennsylvania

public policy regarding protection of malpractice victims, regulation of attorneys and

enforcement of state-court judgments *supported remand.  See Reif*er, 751 F.3d at 149.  With no

public policy at issue herein, the retention of jurisdiction is routine.  *See, e.g.*, *Kelly v. Maxum

Spec. Ins. Co.*, 868 F.3d 274, 288 (3d Cir. 2017) (observing that federal jurisdiction was

appropriate because "the parties do not aver that any public interest is at stake other than the

usual interest in the fair adjudication of legal disputes, an interest which the District Court is

well-equipped to address"). Pfizer, therefore, actually makes North River's point on this factor.

      This leaves the seventh disputed *Reifer* factor, which involves the general disfavor of

"procedural fencing" in a "race for *res judicata*."  However, as explained in detail in Point C.

below (discussing Pfizer's premature filing of the within litigation in Delaware state court at

12:01 a.m.), if any party has drawn the sabre from the scabbard, it was Pfizer when it filed the

within premature and midnight anticipatory lawsuit in the improper forum seeking to evade the

clear application of controlling New York law to the within coverage dispute.  In this regard,

Pfizer cites to no case in decrying that "the Insurers have absolutely no intention of litigating this

case in this Court," Pfizer Brief at 13, D.I. 12, as if such were at all improper given the relevant

considerations, including under 28 U.S.C. §1404(a).  This is because Pfizer knows that New

York is the natural and proper forum.  Moreover, there can be no "procedural fencing" by North

River, where, as here, there is no parallel state action pending.  *See Transportation Ins. Co. v.*

*Heathland Hosp'y Grp., LLC*, No. 15-cv-4525, 2015 WL 8055512, *2-3 (E.D. Pa. Dec. 3, 2015).

## 2.     The Non-*Reifer* Factors Favor Jurisdiction

Realizing that it cannot overcome the *Reifer* presumption based upon the factors set forth

in that case, Pfizer turns to the issue of choice of law, a factor that was not even enumerated in

*Reifer*.  On this issue, Pfizer contends that Delaware law will apply to the insurance issues herein

and that this consideration supports remand as well.  But, quite assuredly, it is the law of New

York, not Delaware, that will apply.

It is well established that Delaware applies the "most significant relationship test" in the

conflict of laws analysis.  *See Certain Underwriters at Lloyds v. Chemtura Corp.*, 160 A.3d 457,

459, 470 (Del. 2017) (holding New York law to apply to nationwide-risk policy given insured's

New York principal place of business and New York insurance broker and based upon the

"sensible understanding that that a company's headquarters staff is usually heavily involved in

managing insurance programs that cover the entire company").[5]  Indeed, "the most significant

factor for conflict of laws analysis" is the insured's principal place of business as "the situs

which links all the parties together," *Liggett Group, Inc. v. Affiliated FM Ins. Co.*, 788 A.2d 134,

---

[5] The factors include 1) the domicile (New York, New Jersey and Delaware), residence (New York and New Jersey), nationality, place of incorporation (New Jersey and Delaware) and place of business of the parties (New York and New Jersey) 2) the place of contracting (New York), 3) the place of negotiation of the contract (New York), 4) the place of performance (New York), and 5) the location of the contract's subject matter (New York).  *Chemtura*, 160 A.3d at 465.

138 (Del. Super. Ct. 2001); *see also Chemtura*, 160 A.3d at 466; *Catlin Spec. Ins. Co. v. CBL & Assocs. Props., Inc.*, No. N16C-07-166 2017 WL 4784432, *5 (Del. Super. Ct. Oct. 17, 2017), which, for Pfizer, lies in New York.

Also particularly relevant is the fact that the controlling primary policy issued by Illinois National Insurance Company (the "Primary Policy") contains no less than four (4) New York-specific endorsements with not a single Delaware endorsement. *See AT&T v. Clarendon Am. Ins. Co.*, No. 04C-11-167, 2008 WL 2583007 at *6 (June 25, 2008) (holding New York law applicable to policy containing endorsements required by New York Insurance Code based upon insurers' "justified expectations"); Complaint, D.I. 1 Exhibit "A." Pfizer cites no case involving applicable law as a factor for remand post-*Reifer*.[6] Thus, the substantive law to be applied to the coverage dispute is non-factor in the case at bar, as the Delaware state court has no interest in applying the law of New York.

---

[6] The two unpublished state trial court cases cited by Pfizer, *Arch Insurance Co. v. Murdock*, No. N16C-01-104, 2018 WL 1129110 (Del. Super. Ct. Mar. 1, 2018), and *Mills, L.P. v. Liberty Mutual Insurance Co.*, No. 09C-11-174, 2010 WL 8250837 (Del. Super. Ct. Nov. 5, 2010), do not apply. These cases held, in violation *Chemtura*, that Delaware law applied because "the conduct of a corporation's directors and officers [was] centrally implicated" in the matters for which coverage was sought. *See Mills*, 2010 WL 8250837 at *6; *Murdock*, 2018 WL 1129110 at *11 (applying Delaware law because, "ultimately, Delaware law would determine whether an officer or director had breached a duty owed" to the corporation and its shareholders and investors). But no Delaware law was at issue in the underlying *Jones* class action, as the case was brought entirely under federal law, specifically Section 10(b) of the federal Securities Exchange Act of 1934 and SEC Rule 10b-5 promulgated thereunder. *See* Complaint, D.I. No. 1 Exhibit "F." In this regard, "the Restatement (Second) contemplates an issue-by-issue approach to determining choice of law." *Liggett*, 788 A.2d at 137 (citing RESTATEMENT (SECOND) CONFLICT OF LAWS § 188) (providing that "the rights and duties of the parties *with respect to an issue* in contract are determined by the local law of the state which, *with respect to that issue*, has the most significant relationship to the transaction and the parties") (emphasis supplied). Given that the risk insured in *Jones* is the corporation's obligation to the worldwide investing public under federal law in a New York lawsuit, as opposed to the "directors' and officers' honesty and fidelity to the corporation" under Delaware law, the law of New York, not Delaware, applies to the coverage issues herein.

As a final basis for support of its motion to remand, Pfizer cites the non-*Reifer* factor of

Pfizer's "objections to federal court jurisdiction."  Pfizer Brief at 14, D.I. 12.  This argument

deserves short shrift because Pfizer relies upon *Osenbach v. Allstate Fire & Casualty Insurance*

*Co.*, 135 F. Supp. 3d 315 (E.D. Pa. 2015), a case that, unlike the within litigation, was decided

within the context of state statutory interpretation and did not involve routine application of state

law to a settled coverage issue.  *See id. at* 321 ("Here, this Court will not simply have to interpret

an insurance contract to determine coverage, but must decide whether that contract and the

rejection of underinsured motorist coverage are void under a state statute.").  Pfizer's mere

preference for the state forum is insufficient to overcome the *Reifer* presumption in favor of

retaining jurisdiction here.

The *Reifer* court ultimately held that the district court did not abuse its discretion in

abstaining because the case involved "critical issues of state law and public policy," *Reifer*, 751

F.3d at 148, as alleged by the plaintiff therein.[7]  In contrast, and at its core, this case involves two

principal and straightforward coverage issues which are directly controlled by settled New York

law.  The first is that all insurers issuing policies beneath the $175 million attachment point of

the North River Policy must fully exhaust their respective limits of liability in payment of

covered loss before North River can be called upon to pay.  Complaint, D.I. 1 ¶ 32.  Because not

every underlying insurer has paid such limit, see Pfizer Brief at 4, D.I. 12, North River has no

---

[7] Such issues included whether Pennsylvania law would impose a requirement upon an
insurer to demonstrate that it was prejudiced by an insured's late notice of claim in order to
effectively disclaim coverage under a claims made legal malpractice policy, where the insured
was an attorney who failed to report the claim to the insurer timely and a former client obtained a
$4 million judgment against the attorney for breach of duty to his client.  The court found that
the state-law issues of attorney regulation, compensating malpractice victims and enforcement of
state-court judgments were "peculiarly within the purview of that state's highest court." *Reifer*,
751 F.3d at 149.

obligation to pay.  The second core coverage issue is that the Underlying Action was based upon the same facts and circumstances as certain *qui tam* litigation and a governmental investigation, both of which predate the Pending and Prior Litigation Exclusion of the North River Policy. Complaint, D.I. ¶ 31.

Pfizer's brazen contention that courts in this Circuit "repeatedly decline to exercise jurisdiction under the DJA, even where there is no parallel proceeding," Pfizer Brief at 12, D.I. 12, must be rejected outright, as all of the cases upon which Pfizer relies either 1) failed to undertake any *Reifer* analysis whatsoever or 2) predate that case.[8]  In actuality, the Third Circuit courts habitually *retain* jurisdiction where no parallel state action is pending, which is unsurprising given the significant presumption mandated under *Reifer*.  *See, e.g.*, *Kelly v. Maxum Spec. Ins. Co.*, 868 F.3d 274 (3d Cir. 2017).[9]  In sum, "[f]ederal courts are, of course, perfectly

---

[8] *Encompass Insurance Co. v. Connelly*, 2015 U.S. Dist. LEXIS 74993 (W.D. Pa. June 10, 2015), acknowledged *Reifer* in a mere footnote but performed no analysis thereunder.  *Id.* at *4 n.3.  The *Encompass* court also noted that, unlike the federal-court *Jones* action, the underlying action for which coverage was sought was pending in state court, where the coverage issue could be adjudicated.  *Id.* at *4.  *Osenbach*, *supra*, also cited by Pfizer, involved public policy considerations regarding "whether [the insurance] contract and the rejection of underinsured motorist coverage are void under a state statute," *Osenbach*, 135 F. Supp. 3d at 321, which under *Reifer* militates against federal jurisdiction.  *Chapman v. Lexington Insurance Co.*, No. 16-cv-0455, 2016 WL 6885901 (W.D. Pa. June 17, 2016), upon which Pfizer further relies, improperly did not even mention *Reifer*, let alone undertake any semblance of analysis thereunder.  Finally, Pfizer's reliance on *Dixon v. Progressive Northern Insurance Co.*, No. 08-cv-1010, 2008 WL 4072816 (W.D. Pa. Aug. 27, 2008), is wholly misplaced as that case predates *Reifer* by six years and was decided under *State Auto Ins. Cos. v. Summy*, 234 F.3d 131 (3d Cir. 2000), which *Reifer* explained was limited to cases where there are, in fact, parallel state court proceedings pending.  *See Reifer*, 751 F.3d at 141.  Finally, *Atlantic Mutual Insurance Co. v. Gula*, 84 Fed. App'x 173 (3d Cir. 2003), cited at page 11 of Pfizer's brief, predates *Reifer* by more than a decade.

[9] *See also Scottsdale Ins. Co. v. RSE Inc.*, 303 F.R.D. 234 (E.D. Pa. 2014); *Westfield Ins. Co. v. Icon Legacy Custom Mod. Homes & Icon Legacy*, No. 15-cv-0539, 2015 WL 4602262 (M.D. Pa. July 30, 2015); *Signature Bldg. Sys., Inc. v. Spears Mfg. Co.*, No. 17-cv-1795, 2018 WL 1123724 (M.D. Pa. Feb. 26, 2018); *Foremost Ins. Co. v. Nosam, LLC*, No. 17-cv-2843, 2018 WL 417035 (E.D. Pa. Jan. 12, 2018); *Western World Ins. Co. v. Alarcon & Marrone Dem. Co.*, No. 14-cv-6617,  2015 WL 3622896 (E.D. Pa. June 9, 2015); *Nationwide Prop. & Cas. Ins.*

capable of applying state law." *Reifer*, 751 F.3d at 149.  This Court should exercise its discretion to retain jurisdiction and transfer this case to the Southern District of New York, the natural forum.

**c.**     **No Injunction Should Issue Because the First-Filed Rule Does Not Apply**

**1.**     **Pfizer Violated the Standstill Period in a Premature Race to the Courthouse**

Tacitly recognizing that jurisdiction properly lies in this Court, Pfizer is left to argue that this Court should enjoin North River's prosecution of the New York Coverage Action.  Pfizer's argument is premised entirely upon the "first-filed" rule given that Pfizer prematurely filed this suit in state court on January 31, 2018 at 12:01 a.m., with the Insurers filing the New York Coverage Action after the close of business that same day.[10]  However, Pfizer violated the mandatory standstill period following the unsuccessful mediation which took place on October 3, 2017.[11]  Pfizer Brief at 5, D.I. 12.  Such condition in the Primary Policy required the parties to wait 120 days following the mediation before commencing any judicial proceedings.  Complaint, D.I. 1 Exhibit "A" at § 17.  Pfizer declared the mediation concluded as of October 3, 2017 at 5:07 p.m.  Declaration of Copernicus T. Gaza dated April 27, 2018 in Opposition to Pfizer

---

*Co. v. Zatyko*, No. 16-cv-1010, 2016 WL 6804436 (E.D. Pa. Nov. 16, 2016); *Transportation Ins. Co. v. Heathland Hospitality Grp., LLC*, No. 15-cv-4525, 2015 WL 8055512 (E.D. Pa. Dec. 3, 2015); *Conroy v. Travelers Home & Mar. Ins. Co.*, No. 15-cv-0743, 2015 WL 4633772 (W.D. Pa. Aug. 3, 2015); *Tube City IMS Corp. v. Allianz Global Risks U.S. Ins. Co.*, No. 14-cv-1245, 2014 WL 6682577 (W.D. Pa. Nov. 25, 2014).

[10] Pfizer's reference to the clerical error committed in commencing the New York Action, Pfizer Brief at 5, D.I. 12, is gratuitous and North River questions Pfizer's motives in bringing it to this Court's attention.

[11] It is nothing short of a complete falsity for Pfizer to state, as it unabashedly does, that North River has not settled with Pfizer despite North River "having the same policy language" as the settling insurers.  Pfizer Brief at 4, D.I. 12.  The truth is that the coverage under the North River policy is significantly more restrictive on the two central issues before this Court, as bargained by the parties.  This Court should ignore Pfizer's feigned puzzlement as to North River's maintaining its disclaimer, although North River's position on settlement has no bearing upon the merits herein.

Motion Exhibit "A."  One hundred twenty days following such pronouncement by Pfizer is January 31, 2018 at 5:07 p.m.  Racing to the courthouse prematurely, Pfizer commenced these proceedings at midnight on January 31, violating the standstill period by more than seventeen hours.  North River properly filed the New York Coverage Action after close of business that day.  *Id.* Exhibit "B."  Accordingly, Pfizer's complaint in the State Court Action should be deemed a nullity for purposes of the first-filed rule.

## 2.    Pfizer's State Court Action is an Anticipatory Suit Entitled to No Deference

But even if Pfizer is deemed to have been first to file, this litigation is to be afforded no deference because it is an anticipatory suit commenced in an effort to avoid controlling New York law that is dispositive against Pfizer.  If nothing else, Pfizer's midnight filing confirms that the within case is an anticipatory suit commenced in an effort to avoid imminent litigation by North River in the natural forum.  Third Circuit law frowns upon such conduct and refuses to apply the "first-filed" rule in such context.  So must this Court.

A federal court's authority to enjoin a concurrent, later-filed, federal suit involving the same parties and issues was established by the Third Circuit in *Triangle Conduit & Cable Co. v. National Electric Products Corp.*, 125 F.2d 1008 (3d Cir. 1942).  However, the appellate court later recognized that *Triangle* "is not a mandate directing wooden application of the rule," *EEOC v. University of Penn.*, 850 F.2d 969, 972 (3d Cir. 1988) (hereinafter "*Penn*") (citing *Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474, 475-76 (3d Cir. 1942), such that "inequitable conduct, bad faith, or forum shopping" are to be considered in deciding whether to retain jurisdiction of the earlier case.  *Penn*, 850 F.2d at 972 (citing, *inter alia*, *Crosley*, 130 F.2d at 475-76).  Indeed, "[d]istrict courts have always had discretion to retain jurisdiction given appropriate circumstances justifying departure from the first-filed rule."  *Penn*, 850 F.2d at 972

(citing, *inter alia*, *Crosley*, 130 F.2d at 475-76).[12]  Importantly, in *Penn*, the Third Circuit court observed that "courts have rejected the rule when the . . . first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum." *Penn*, 130 F.2d at 976 (citations omitted).  This is the precise circumstance in the within litigation.

In *Penn*, the University of Pennsylvania was served with a subpoena for peer review records relative to a discrimination claim asserted by a professor who had been denied tenure. Rather than challenging the subpoena in federal court in Pennsylvania, the university commenced litigation in the United States District Court for the District of Columbia, seeking to avoid adverse controlling law in the Third Circuit on the issue of privilege in the peer review process.  The following month, the EEOC commenced litigation in federal court in Pennsylvania, seeking to enforce compliance with the subpoena.  The district court in Pennsylvania denied the university's motion to dismiss on the basis of the first-filed rule and the Third Circuit found no abuse of discretion.

After observing that application of the first-filed rule is founded upon principles of equity, *Penn*, 850 F.2d at 977, the court noted that "[t]he decision to exercise jurisdiction in this context requires the trial judge to possess 'the flexibility necessary to fit the decision to the individualized circumstances.'"  *Id.* (quoting *United States v. Criden*, 648 F.2d 814, 818 (3d Cir. 1981)).  Thus, the Third Circuit held that "[t]he timing of the University's filing in the District of Columbia indicates an attempt to preempt an imminent subpoena enforcement action in the Eastern District of Pennsylvania," *Penn*, 850 F.2d at 977, where adverse law controlled the issue.

---

[12]  Exceptions to the first-filed rule are "not rare, and are made when justice or expediency requires, as in any issue of choice of forum."  *Nexans Inc. v. Belden Inc.*, 966 F. Supp. 2d 396, 401 (D. Del. 2013) (citing *Genentech, Inc. v. Eli Lily & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993); *Penn*, 850 F.2d at 972).

To admonish against such practice, the court espoused the following: "Because the first-filed rule is based upon principles of comity and equity, *it should not apply when at least one of the filing party's motives is to circumvent local law . . . .*" *Id.* at 978 (emphasis added). *See also Drugstore-Direct, Inc. v. Cartier Div. of Richemont N. Am., Inc.*, 350 F. Supp. 2d 620 (E.D. Pa. 2004) (observing that "the *paramount concern* is whether the first-filed action was filed in anticipation of imminent judicial proceedings") (emphasis added) (citing *IMS Health, Inc. v. Vality Tech., Inc.*, 59 F. Supp. 2d 454, 463 (E.D. Pa. 1999)); *Colony Nat'l Ins. Co. v. UHS Children Servs.*, No. 15-cv-6394, 2009 WL 3007334 (E.D. Pa. Sept. 11, 2009) (observing that "courts view actions for declaratory judgment instituted shortly before a second-filed action with caution").

Such are precisely the circumstances in the case before this Court. Pfizer's premature filing of coverage litigation in Delaware state court – literally under the cover of darkness – and precisely one minute into the calendar day upon which the post-mediation standstill period ended, and at the precise minute that Pfizer erroneously thought it was permitted to proceed, is an unabashed anticipatory suit in an attempt to run and hide from controlling New York law on two of North River's most prominent defenses to coverage. Such gamesmanship is expressly not countenanced in the Third Circuit. *See Honeywell Int'l, Inc. v. International Union, United Auto., Aerospace & Agrig. Implement Workers*, 502 Fed. Appx. 201 (3d Cir. 2012) (affirming district court's refusal to apply "first-filed" rule where employer commenced suit prior to providing statutory ERISA notice to union in attempt to win race to courthouse).[13]

---

[13] North River cannot let pass, and this Court cannot take seriously, Pfizer's suggestion that it was North River, not Pfizer, that somehow acted inequitably or in bad faith or engaged in forum shopping by commencing the New York Coverage Action in the natural forum. North River is no less the "natural plaintiff" than is Pfizer.

New York law most assuredly will be deemed to apply to the North River policy in the

New York Coverage Action[14] under the choice of law rules of that jurisdiction.[15]   The first

coverage defense under New York law from which Pfizer improperly seeks refuge is that the

North River policy applies, if at all and as limited by the conditions and exclusions, only where

all underlying insurance has been exhausted by actual payment of policy limits by each

---

[14] This is because 1) Pfizer's principal place of business is located in New York, Complaint, D.I. No. 1. ¶ 7, 2) the Primary Policy was issued with no less than four New York-specific endorsements and with no Delaware endorsements, Complaint, D.I. No. 1 Exhibit "A," 3) the North River policy was negotiated on behalf of Pfizer by a New York insurance broker, Declaration of Copernicus T. Gaza dated March 30, 2018 in Support of Motion to Transfer Exhibits "A" through "C," D. I. No. 15, and 4) the Underlying Action was commenced, litigated and settled in New York.  Complaint Exhibit "F."  *See, e.g.*, *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135 (2d Cir. 2008) (applying New York law to directors and officers liability policy where underlying litigation was filed and settled in New York, where parties participated in mediation in New York and the insurer's alleged misconduct was in refusing to settle New York litigation); *American Int'l Spec. Lines Ins. Co. v. Towers Fin. Corp.*, No. 94-cv-2727, 1997 WL 906427 (S.D.N.Y. Sept. 12, 1997) (holding New York law applicable to directors and officers liability insurance policy where the insured's principal place of business was in New York, the insureds' decision making processes took place in New York, with the insureds' allegedly unlawful conduct taking place in New York such that the "insured risk" was located in New York and policy was issued by a New York insurance broker and where insurer was located in neighboring New Jersey, like North River).

[15] The applicable test in New York is the "center of gravity" or "grouping of contacts" theory.  *See Federal Ins. Co. v. SafeNet, Inc.*, 817 F. Supp. 2d 290, 301 (S.D.N.Y. 2011) (citing *Maryland Cas. Co. v. Continental Cas. Co.*, 332 F.3d 145, 151-52 (2d Cir. 2003)).  The test requires the court to apply "the law of the place which has the most significant contacts with the matter in dispute."  *Maryland Cas. v. Continental*, 332 F.3d at 151-52.  Regarding insurance policies, New York courts evaluate the following factors identified in the Restatement (Second) of Conflict of Laws:  1) the location of the insured risk; 2) the insured's principal place of business; 3) where the policy was issued and delivered; 4) the location of the broker or agent placing the policy; 5) where the premiums were paid; and 6) the insurer's place of business." *Seidel v. Houston Cas. Co.*, 375 F. Supp. 2d 211, 220 (S.D.N.Y. 2005) (collecting cases). "Courts in this [the Second] Circuit have applied these choice of law principles to many types of insurance contracts, *including to directors and officers liability insurance*."  *SafeNet*, 817 F. Supp. 2d at 302 (S.D.N.Y. 2011) (emphasis added) (citing *Schwartz*, 539 F.2d at 151-52).  The insured's state of incorporation – endlessly touted by Pfizer in its briefing – is irrelevant to the New York choice of law analysis where, as here, the policyholder's principal place of business is located in another state.  *See Certain Underwriters at Lloyd's, London v. Foster Wheeler Corp.*, 822 N.Y.S.2d 30 (Sup. Ct. App. Div. 2006), *aff'd*, 876 N.E.2d 500 (N.Y. 2007).

underlying insurer for covered loss.  Complaint, D.I. 1 ¶¶ 32, 51.  As Pfizer admits, not all

underlying insurers have paid their full limits in covered loss, but instead have settled Pfizer's

insurance coverage claims for less than full policy limits.  *Id.* ¶ 52; Pfizer Brief at 4, D.I. 12.

Underlying exhaustion conditions such as that contained in the North River policy are routinely

applied in New York,[16] including by the state's appellate courts.  *See, e.g.*, *Forest Labs., Inc. v.*

*Arch Insurance Co.*, 984 N.Y.S.2d 361 (Sup. Ct. App. Div. 2014) (enforcing excess policy's

requirement that "previous layer of excess coverage [] be exhausted through actual payment of

that policy's limit prior to [excess insurer] being required to pay"), *aff'g Forest Labs. v. Arch Ins.*

*Co.*, 953 N.Y.S.2d 460 (Sup. Ct. N.Y. Co. 2012), *lv. denied*, 995 N.Y.S.2d 709 (Ct. App.

2014).[17]

---

[16] Pfizer's suggestion that Delaware law will apply to the judicial construction of the North River Policy under New York choice of law rules based upon the alternative dispute resolution ("ADR") condition of the Primary Policy, Pfizer Brief at 4, D.I. 12, must be summarily disregarded.  By its terms, this provision is limited to the mandatory pre-suit ADR process under the Primary Policy.  *See, e.g.*, *SafeNet*, 817 F. Supp. 2d at 302 (applying New York choice of law rules to determine that Maryland law applied in directors and officers liability coverage litigation where insured's principal place of business was in Maryland notwithstanding that insured was incorporated in Delaware and policy contained identical ADR-only choice of law provision).  The Primary Policy contains no choice-of-law provision with regard to litigation and traditional legal principles therefore apply in the case at bar and in the New York Coverage Action.

[17] The district court in the New York Coverage Action is duty-bound to apply *Forest Labs*.  *See Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 134 (2d Cir. 1999) ("We are bound, as was the district court, to apply the law as interpreted by New York's intermediate appellate courts . . . unless we find persuasive evidence that the New York Court of Appeals [the state's highest court], which has not ruled on this issue, would reach a different conclusion.") (citing *Grand Light & Supply Co. v. Honeywell, Inc.*, 771 F.2d 672, 678 (2d Cir. 1985)); *Perkins v. City of New Rochelle*, No. 00-cv-0725, 2002 WL 31496204, *1 (S.D.N.Y. Nov. 7, 2002) ("In the absence of persuasive evidence that the New York Court of Appeals would reach a conclusion other than the one reached by the Appellate Division . . ., this court is obligated to apply the law as interpreted by New York's intermediate appellate court.").  There is no evidence that the New York Court of Appeals would hold differently than the New York Appellate Division held in *Forest Labs*, particularly in light of the fact that the high court refused to grant leave to appeal. *See Forest Labs.*, 995 N.Y.S.2d 709 (Ct. App. 2014).

Pfizer also seeks to flee the Second Circuit's "plain language" analysis employed in *Nomura Holding America, Inc. v. Federal Ins. Co.*, 629 Fed. Appx. 38 (2d Cir. 2015) (applying New York law) on the issue of the North River Policy's Pending or Prior Litigation Exclusion, which broadly operates, *inter alia*, to bar coverage for claims "based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any litigation, case, proceeding, . . . [or] governmental investigation" commenced prior to, or that was pending as of, June 28, 2004.  Complaint, D.I. 1. ¶ 31.  The *Nomura* analysis of the interrelatedness of prior and present claims is directly controlling under New York law and applies to bar coverage for the Underlying Action under the North River Policy because such claim arises directly out of prior *qui tam* litigation and a governmental investigation, both of which pre-date the policy's June 28, 2004 Pending or Prior Litigation Date.

**3.     The Balance of Conveniences Favors Retaining Jurisdiction**

But even if the State Court Action was not an anticipatory suit filed in a desperate effort to evade controlling law in the natural forum, the "first-filed" rule does not apply because the balance of convenience mandates that the Court yield jurisdiction to the court presiding over the New York Coverage Action.  *See Honeywell Int'l, Inc. v. International Union, United Auto., Aerospace & Agrig. Implement Workers*, 502 Fed. Appx. 201, 205 (3d Cir. 2012) (observing that dispensing with first-filed action is appropriate where "balance of convenience favors the second-filed action").  *See also Central Transport, LLC v. Mainfreight, Inc.*, No. 14-cv-6083, 2015 WL 620716 (E.D. Pa. Feb. 11, 2015) ("Departure from the first-filed rule may apply given the equities of the case, including 'if the balance of convenience factors favor the second forum.") (citing *Drugstore-Direct*, 350 F. Supp. 2d at 623).

As set forth in detail in North River's memorandum in support of its motion to transfer venue to the Southern District of New York pursuant to 28 U.S.C. §1404(a), the clear balance of the convenience favors New York.[18]  In particular, North River wishes to reemphasize that no less than five (5) Marsh insurance broker witnesses participated in drafting Pfizer's insurance tower in New York.  Declaration of Copernicus T. Gaza dated March 30, 2018 in Support of Motion to Transfer, D.I. 15 Exhibit "A."  This factor alone "weigh[s] quite heavily" in the balance of convenience analysis.  *See Dippold-Harmon Enters., Inc. v. Lowe's Cos., Inc.*, No. 01-cv-0532, 2001 WL 1414868 (D. Del. Nov. 13, 2001) (Sleet, J.) (citing *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998) (Sleet, J.)).

## V.     CONCLUSION

For the foregoing reasons, North River respectfully submits that the Court deny Pfizer's motion in its entirety, retain jurisdiction and transfer this case to the United States District Court for the Southern District of New York.

Dated:  April 27, 2018

Of Counsel:
TRAUB LIEBERMAN
STRAUS & SHREWSBERRY LLP
Copernicus T. Gaza
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, NY 10532
(914) 347-2600
cgaza@tlsslaw.com

Respectfully submitted,

**DILWORTH PAXSON LLP**
By: */s/ Thaddeus J. Weaver*
Thaddeus J. Weaver (Id. No. 2790)
One Customs House
704 King Street, Suite 500
P.O. Box 1031
Wilmington, DE  19899
(302) 571-8867 (telephone)
(302) 655-1480 (facsimile)
tweaver@dilworthlaw.com
*Attorneys for Defendant-North River*

---

[18] This is because Pfizer's principal place of business is in New York, 2) the controlling Illinois National Policy contains at least four New York-specific endorsements, with New York law to apply to the contract, 3) North River's principal place of business is in New Jersey and 4) the Underlying Action was litigated and settled in New York, with Pfizer's state of incorporation being the sole Delaware contact.